[Cite as *State v. Purk*, 2020-Ohio-5303.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-03-017 |
| | : | O P I N I O N |
| - vs - | | 11/16/2020 |
| | : | |
| CHASTITY PURK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR36053

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Hicks Law Office, Bryan Scott Hicks, P.O. Box 359, Lebanon, Ohio 45036, for appellant

**PIPER, J.**

{¶1} Appellant, Chastity Purk appeals a decision of the Warren County Court of Common Pleas denying her motion for intervention in lieu of conviction ("ILC").

{¶2} Purk was a passenger in a vehicle that was stopped after the driver failed to use a turn signal and had an expired registration. Upon approach, the officer asked if the driver or his passengers had any weapons and Purk admitted that she had a firearm and marijuana in her purse. Purk, who did not have a valid license to carry a concealed weapon,

had a loaded handgun in her purse, which the officer later determined was stolen. Additionally, Purk had methamphetamine on her person.

{¶3}   Purk was indicted on one count each of aggravated possession of drugs, a felony of the third degree, improper handling of a firearm in a vehicle, a felony of the fourth degree, and carrying a concealed weapon, a felony of the fourth degree. Purk filed a motion requesting ILC, contending that drugs or alcohol usage was a factor leading to the commission of the offenses.

{¶4}   The trial court determined that Purk was statutorily ineligible for ILC because she was charged with a felony of the third degree. Purk then pled no contest to the first two charges, and the state dismissed the carrying a concealed weapon charge. The trial court found Purk guilty of aggravated possession of drugs and improper handling of a firearm in a vehicle, and sentenced her to community control.

{¶5}   Purk now appeals the trial court's decision finding her ineligible for ILC, raising the following assignment of error:

{¶6}   MS. PURK WAS IMPROPERLY FOUND INELIGIBLE FOR ILC.

{¶7}   Purk argues in her sole assignment of error that the trial court erred in determining that she is ineligible for ILC.

{¶8}   In order to qualify for ILC, the defendant must meet each of the ten requirements set forth in R.C. 2951.041(B)(1) thru (10). Among these, and according to R.C. 2951.041(B)(2), an offender is not eligible for ILC if the offense to which he or she ultimately pleads guilty involves a felony of the first, second, or third degree.

{¶9}   As noted above, Purk was charged with aggravated possession of drugs, a felony of the third degree. While Purk's other charges were felonies of the fourth degree, she did not ask that the court bifurcate the proceedings or separate the indictment in any manner making her eligible for ILC on the fourth-degree felony charges.

{¶10} Instead, Purk's motion for ILC was general to those charges in her indictment. Purk's ILC motion included a blanket assertion that drugs or alcohol contributed to all offenses with which she was charged. Nor did Purk argue at the hearing that she was eligible for ILC on the fourth-degree charges. Thus, Purk has forfeited the argument that the trial court erred in denying her motion for ILC on the fourth-degree charge of improperly handling weapons in a vehicle. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761. Purk's assignment of error is, therefore, overruled.

{¶11} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.